WILLS et ux,
*Respondents,*

*v.*

HARRIS et ux,
*Appellants.*

(No. 79-2520-E-3, CA A20511)

646 P2d 39

John R. Faust, Jr., Portland, argued the cause for appellants. With him on the briefs were James S. Rice and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

William Ferguson, Medford, argued the cause for respondents. On the brief were Penny Lee Austin and Grant, Ferguson & Carter, Medford.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This is a suit in equity to foreclose a trust deed, that had been used as a purchase-money mortgage to secure payment for real property which plaintiffs, husband and wife, sold to defendants. Defendants counterclaimed and raised several affirmative defenses, including one labeled a "plea in abatement," challenging the standing of plaintiffs to sue.[1] After denying the plea, the trial court tried the foreclosure action on the merits and gave judgment for plaintiffs. Defendants' only assignment of error is denial of their plea in abatement. We affirm.

Defendants maintain that the only issue on appeal is a legal one: was plaintiff Harold E. Wills barred by statute from maintaining this suit because he had not registered with the Builders Board? We are not asked to retry the foreclosure suit.

The statute on which defendants rely is ORS 701.065(1). At the time this suit was filed, it provided:
"A builder may not file a lien or bring or maintain in any court of this state a suit or action for compensation for the performance of any work or for the breach of any contract which is subject to this chapter, unless he was registered under this chapter at the time he filed the lien or commenced the suit or action."[2]

The arguments of both parties center on the single question whether Wills is a builder.[3] We believe, however, that the key to this case lies elsewhere: specifically, in the very heart of the quoted statute.

---

[1] Although such a plea no longer exists in Oregon, defendants nevertheless asserted it. The trial court simply treated the matter as an affirmative defense.

[2] Amended by Or Laws 1979, ch 874, § 1, effective October 3, 1979. Plaintiffs filed their complaint in August, 1979.

[3] Although there was no evidence that Mr. Wills had ever contracted with others for the construction of a home, he (1) had years previously developed a trailer park, which included the work of pouring cement pads and building storage sheds; (2) had identified himself as a "good builder"; and (3) had a business card marked "H. E. WILLS, Builder-Developer." The home in question was located on plaintiffs' land and was originally constructed by them with the intent that it be their residence. The sale to defendants came at a time when the house was 70 to 80 percent complete. All work was performed by plaintiffs and their son.

■    What is it that this statute specifically precludes? In plain terms, it precludes unregistered builders from filing liens or bringing or maintaining suits or actions "for compensation for the performance of any work or for the breach of any contract which is subject to this chapter * * *." The phrase "which is subject to this chapter" modifies both "work" and "contract." Thus, builders seeking compensation for the *type* of work or for breach of the *type* of contract the legislature intended to be covered by the statute must have complied with the registration requirements.

■ ■    ORS 701.065(1) penalizes builders who fail to register and bars their exercise of common law rights to sue. Such statutes must be strictly construed. *See Moore v. Schermerhorn,* 210 Or 23, 39, 307 P2d 483, *mandate recalled and amended on other grounds,* 210 Or 43, 308 P2d 180 (1957). Nothing expressed in or reasonably inferred from ORS chapter 701 suggests that it was meant to bar foreclosure of a trust deed used as a purchase-money mortgage. Plaintiffs' lawsuit is simply outside the statute. They seek to foreclose a trust deed involving five acres of land plus improvements. They are not pursuing a construction lien to secure compensation for improvements.[4] The trust deed is not a contract subject to the statute.

Affirmed.

---

[4] The only specific references to types of liens are to sections in ORS chapter 87 concerning construction liens. *See, e.g.,* ORS 701.135, 701.140.