Argued and submitted March 16, affirmed September 7, 1994

Gene EDWARDS,
dba Gene Edwards Painting Co.,
*Respondent,*

*v.*

Carlton H. PERRY,
*Appellant.*

(9111-07642; CA A79550)

880 P2d 507

Kerry M. L. Smith argued the cause for appellant. With him on the briefs was Smith & Fjelstad, P.C.

John H. Baker argued the cause for respondent. With him on the brief was Tarlow, Jordan & Schrader.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Plaintiff is a painter who was registered continuously with the Construction Contractors Board (Board) between July, 1972, and March, 1992. In July, 1991, plaintiff agreed to paint defendant's apartment complex. A dispute arose between plaintiff and defendant over the terms of their agreement and the manner in which plaintiff was to perform the work. Defendant refused to pay plaintiff, and plaintiff filed claims for the value of goods and services he provided. Defendant raised as an affirmative defense that plaintiff's claims were barred by ORS 701.065(1), because plaintiff was registered with the Board as a residential contractor and the claims sought compensation for nonresidential work. The trial court ruled that plaintiff's claims were not barred, and defendant assigns error to that ruling. Because there are no disputed facts, the only issue is the legal effect of the facts under the relevant statutes. We affirm.

■ A person is required to register with the Board before undertaking work as a contractor. ORS 701.055. ORS 701.065(1) provides, in part:

"A contractor may not * * * bring or maintain in any court of this state a suit or action for compensation for the performance of any work or for the breach of any contract for work which is subject to this chapter, *unless the contractor was*:

"(a) *Registered* under this chapter *at the time the contractor bid or entered into the contract* for performance of the work; and

"(b) *Registered continuously while performing the work* for which compensation is sought." (Emphasis supplied.)[1]

Oregon Administrative Rules, chapter 812, also require contractors to register in subcategories. For most of its existence, the Board had just two categories of registration. Those categories reflected a contractor's annual gross

---

[1] ORS 701.065(2) provides an exception to subsection (1):

"If the court determines that the contractor was not aware of the requirement that the contractor be registered, a court may choose not to apply subsection (1) on this section if the court finds that to do so would result in a substantial injustice to the unregistered contractor."

income. On January 1, 1990, however, the Board replaced those two categories with seven registration classes reflecting the type of work performed by the contractor. The classes range from "Residential Contractor A" (home remodelers and new home contractors) to "Specialty Contractor and Residential Contractor B" (residential repair, specialty contracting, commercial and public works construction). Each category has requirements for bonding, liability insurance coverage, and registration and annual fees. During July and August, 1991, plaintiff was registered as a Residential Contractor B (residential repair and specialty contractor). There is no dispute that the contract between plaintiff and defendant was for the performance of nonresidential work.

Defendant contends that plaintiff's failure to register in the proper category is equivalent to a complete failure to register. He contends, therefore, that plaintiff may not maintain an action to recover compensation for that work.

Resolution of this case requires construction of ORS 701.065(1). We construe a statute to determine the legislative intent, beginning with its text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The context of a statute includes other provisions of the same statute. 317 Or at 611. An applicable aid to construction in this case is that ORS 701.065(1) must be construed strictly, because it abrogates common law rights of action. *Wills v. Harris*, 57 Or App 712, 715, 646 P2d 39 (1982).

The text of ORS 701.065(1) prevents a person who lacks a valid, current certificate of registration from bringing an action in court to recover compensation for contracting work. Other provisions of chapter 701 also address registration requirements. ORS 701.055(1) prohibits a person from undertaking work as a contractor, unless that person has a valid, current certificate of registration from the Board. A registration is invalid if it fails correctly to identify whether the registrant is in the exempt or nonexempt class. *See* ORS 701.035(2) and (3).[2]

---

[2] ORS 701.035(2) and (3) provide:

"(2) The board shall establish two classes of independent contractor ,istration:

Defendant does not contend that plaintiff failed to register, failed to keep his registration current, or registered in the wrong class under ORS 701.035(2). Defendant contends only that plaintiff violated Board rules by performing contracting work on a commercial structure while possessing only a residential/specialty contracting certificate.

ORS 701.135(1)(c) provides that the Board may impose various administrative penalties if it determines after notice and an opportunity for a hearing that a person has violated a Board rule. If the legislature had intended that a person who violated a Board rule should suffer the additional disability of being prohibited from bringing an action in court, it could have so provided. It could easily have extended the prohibition of ORS 701.065(1) to those who violated Board rules. Instead, it imposed that disability only on those who failed to maintain a current registration, or who registered in the wrong class under ORS 701.035(2).

In the view of our admonition to strictly construe ORS 701.065(1), we are not at liberty to expand its scope beyond that expressly provided by the legislature. A contractor's failure to register in a particular category as required by the Board's rules exposes the contractor to penalties under ORS 701.135(1)(c) for violating the rule, but it does not trigger ORS 701.065(1). The trial court correctly ruled that plaintiff could maintain this action.

Affirmed.

---

"(a) The nonexempt class is a sole proprietor, partnership or corporation with employees or a partnership without employees.

"(b) The exempt class is a sole proprietor without employees or a corporation whose officers have selected the option described in ORS 656.027.

"(3) If a registrant who qualifies for registration under subsection (2)(b) of this section hires one or more employees, the registration is invalid and reapplication shall be made."